NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____
                                       :
IN RE:                                 :        Civil Action No. 10-4399 (JAP)
                                       :        Bankr. Case No. 08-12305 (KCF)
DAVID LEROY BEERS,                     :
                                       :
        Debtor, Appellant.             :        **OPINION**
_____:

PISANO, District Judge.

Before the Court is an appeal by Debtor-Appellant David Leroy Beers ("Beers") of the

orders of Bankruptcy Judge Kathryn C. Ferguson granting Appellee EMC Mortgage

Corporation's ("EMC") motion for relief from the automatic stay and denying Beers' cross

motion for contempt.  For the following reasons, the Bankruptcy Judge's decision will be

affirmed.

## I.      Background

EMC is the holder of a mortgage on Beers' principal residence.  *See* Third Ch. 13 Plan,

Bankr. Ct. Docket Entry ("BCDE") no. 133, 2 (showing EMC as mortgagee of the residence);

Voluntary Pet., BCDE no. 1 (listing the residence as Beers' address).  Beers filed his initial

Chapter 13 petition on February 8, 2008.  BCDE no. 1.  Beers' original Chapter 13 Plan, filed on

March 26, 2008, called for the cure of EMC's mortgage on Beers' residence pursuant to 11

U.S.C. § 1322(b)(5) and continued monthly payments outside the plan.[1]  BCDE no. 21.  It also

called for payment of arrears in the amount of $25,000.  *Id.*  Plaintiff filed an amended plan on

---

[1]      Section 1322(b)(5) provides, in relevant part: "[T]he plan may . . . provide for the curing
of any default within a reasonable time and maintenance of payments while the case is pending
on any unsecured claim or secured claim on which the last payment is due after the date on
which the final payment under the plan is due."

June 3, 2008, which also provided for the cure and reinstatement of EMC's mortgage and continued monthly payments outside the plan. BCDE no. 43. On November 24, 2008, that plan was confirmed by the bankruptcy court, BCDE no. 101, with the additional amendment that the arrearage on the mortgage was set at zero, BCDE no. 69.

Payments were made to EMC pursuant to a wage order garnishing the wages of Beers' daughter, BCDE no. 108, but payments were interrupted when she became ill, *see* BCDE no. 119 (certification explaining why payments were interrupted); *see also* Transcript of Mot. to Vacate Hearing ("Tr.") 5, BCDE no. 167. To settle the Trustee's ensuing motion to dismiss the case, BCDE no. 112, Beers filed another amended plan on July 21, 2009, which still provided for payments outside the plan, and listed "0" for the amount of arrearage even though monthly payments had been missed. BCDE no. 133. This plan was confirmed on September 16, 2009. BCDE no. 139.

On June 24, 2009, EMC filed with the bankruptcy court a Notice of Payment Change, which informed Beers that his monthly payments to EMC would increase to $1,352.14 to cover changes in taxes and insurance to his property, effective August 1, 2009. BCDE no. 131. According to a certification by EMC, Beers continued to pay the original, lower amount instead of the newer, increased amount, despite the Notice of Payment Change. *See* Certification, BCDE no. 153. On March 30, 2010, EMC moved before the bankruptcy court to vacate the automatic stay[2] because Beers failed to maintain the increased payments to EMC. Beers opposed the motion, claiming that he had maintained the payments, and filed a cross motion requesting that the bankruptcy court find EMC in contempt. EMC responded, clarifying that Beers had

---

[2]      Under 11 U.S.C. § 362, the initial bankruptcy petition operates, generally, as an automatic stay of actions or proceedings by creditors to recover claims or judgments from a bankrupt debtor.

continued his payments, but at the lower, original amount rather than at the increased, newer amount in place pursuant to the Notice of Payment Change. On July 15, 2010, the bankruptcy court granted EMC's motion to vacate the stay and denied Beers' motion for contempt. Beers filed the instant appeal of the bankruptcy court's orders on August 27, 2010, which EMC opposes.

## II.    Standard of Review

This Court has jurisdiction to hear appeals from final orders of the bankruptcy court. 28 U.S.C. § 158(a). Such appeals are a matter of right. The District Court reviews a bankruptcy court's decision to grant a motion to vacate the automatic stay for abuse of discretion. *Rocco v. J.P. Morgan Chase Bank*, 255 Fed. Appx. 638, 640 (3d Cir. 2007); *see* 11 U.S.C. § 362 (ascribing the decision to award stay relief to the discretion of the bankruptcy court). Similarly, the District Court also reviews the bankruptcy court's decision not finding EMC in contempt for abuse of discretion. *In re Ben Franklin Hotel Associates*, 1998 WL 94808, *3 (E.D. Pa. 1998) (citing *Fellheimer, Eichen & Braverman, P.C. v. Charter Technologies, Inc.*, 57 F.3d 1215, 1223 (3d Cir. 1995)).

## III.   Discussion

The Bankruptcy Judge granted EMC's motion to vacate the stay because Beers failed to maintain his payments to EMC outside the Chapter 13 plan. Tr. 16. This failure resulted from Beers' not increasing his payments pursuant to EMC's Notice of Payment Change, even though the notice was docketed with the bankruptcy court. *Id.* Beers contends that he was not in default because the latest amended plan confirmed a payment to EMC of $877. Nowhere in his argument before the bankruptcy court nor in his papers before this Court does Beers address the

change in payment; instead, it appears that he relies on the amount in the plan as the controlling factor.

A Chapter 13 bankruptcy plan, however, may only modify the rights of holders of secured claims other than a claim secured only by a security interest in real property that is the debtor's principal residence.  11 U.S.C. § 1322(b)(2).  The Supreme Court has recognized that, among a homestead mortgagee's "rights" which may not be modified by a bankruptcy plan are those "reflected in the relevant mortgage instruments, which are enforceable under [state] law." *Nobelman v. American Sav. Bank*, 508 U.S. 324, 329-330, 113 S. Ct. 2106, 2110 (1993).  "These are the rights that were 'bargained for by the mortgagor and the mortgagee,' and are rights protected from modification by § 1322(b)(2)."  *Id.* at 329-330 (quoting *Dewsnup v. Timm*, 502 U.S. 410, 417, 112 S. Ct. 773, 778 (1992)).

In this case, EMC's claim is secured only by a security interest in real property that is the debtor's principal residence.  *See* Third Ch. 13 Plan, BCDE no. 133, 2 (showing EMC as mortgagee of the residence); Voluntary Pet., BCDE no. 1, 1 (listing the residence as Beers' address).  The relevant mortgage instrument provides that, in addition to monthly principal and interest payments, Beers is required to make monthly payments on yearly taxes and assessments on the property, as well as various insurance premiums.  Sec. Instrument ¶2, BCDE no. 145-1, 23.  On June 24, 2009, EMC filed with the bankruptcy court a Notice of Payment Change, which informed Beers that his monthly payments to EMC would increase to $1,352.14 to cover changes in taxes and insurance to his property, effective August 1, 2009.  BCDE no. 131.  That Beers' Chapter 13 plan listed a certain amount that Beers was to pay monthly to EMC outside the plan did not, as a matter of law, modify EMC's contractual rights to demand payment for taxes and insurance premiums if the payments changed according to the terms of the conract.  Therefore,

4

Beers' failure to comply with the new payments for taxes and insurance premiums constituted a default.

Beers argues that even if he was in default, there is no basis in fact or law for the bankruptcy court to have granted relief from the automatic stay. Under 11 U.S.C. § 362(d)(1), a bankruptcy court may grant relief from the automatic stay "for cause." After confirmation of the Chapter 13 plan, "cause" under Section 362(d)(1) "most commonly includes the debtor's default under the plan [or] a failure to make necessary payments outside the plan." *In re Clark*, 38 B.R. 683, 684 (Bankr. E.D. Pa. 1984). "If . . . the debtor subsequently defaults on payments inside or outside the plan, the creditor can obtain relief from the automatic stay." *In re Miano*, 261 B.R. 391, 392-93 (Bankr. D.N.J. 2001).

In this case, Beers' plan was most recently confirmed on September 16, 2009. BCDE no. 139. According to a certification by EMC, Beers underpaid his obligations to EMC every month from August 1, 2009, before the plan was most recently confirmed up, to March 30, 2010, when it filed its motion to lift the automatic stay. *See* Certification, BCDE no. 153. Therefore, most of the underpayments occurred after the confirmation. Such underpayment warrants relief from the stay. Accordingly, the Court cannot find that the bankruptcy court abused its discretion in granting EMC's motion to vacate the automatic stay.

The Bankruptcy Judge denied Beers' cross-motion for contempt because there was not enough evidence to support it. Tr. 16. In his brief supporting his appeal, Beers fails to make any reference to his appeal of the motion for contempt. In his appellate brief, Beers' only arguments are that the automatic stay should not be lifted because he did not default and there was no cause to lift the stay. *See* Appellant's Br., Docket Entry no. 7. The Court has already addressed these

arguments, and there is no additional evidence that would support a finding that the bankruptcy court abused its discretion in denying Beers' motion for contempt.

**IV.     Conclusion**

For the reasons stated above, the Court does not find that the bankruptcy court abused its discretion in granting EMC's motion to vacate the automatic stay and denying Beers' motion for contempt.  Accordingly, the Court affirms the orders of the bankruptcy court.  An appropriate order will issue.

/s/ JOEL A. PISANO
United States District Judge

Dated: April 28, 2011